JS 44   (Rev. 3/99)

# CIVIL COVER SHEET

APPENDIX B

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Marisol Valente
3330 Las Vegas Boulevard, Apt 1031
Las Vegas, Nevada 89115

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**

Harbison Corporation d/b/a Pretium Packaging
6081 Hamilton Boulevard
Easton, Pennsylvania 18042

County of Residence of First Listed _____ Northampton
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Hahalis & Kounoupis, P.C.
20 East Broad Street
Bethlehem, PA 18018
610 865-2608

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)   and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | or Defendant) | Determination Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | Security Act | 26 USC 7609 | State Statutes |
| | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☒ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
another district
(specify)

☐ 6  Multidistrict
Litigation

☐ 7  Appeal to
District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION   (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

Title 42 U.S.C.  § 2000e, et seq

## VII. REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S)
IF ANY   (See instructions):

V-5-02

JUDGE _____

DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

**APPENDIX A**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 3330 Las Vegas Boulevard, Apt 1031, Las Vegas, Nevada 89115

Address of Defendant: 900 Conroy Street, Easton, Pennsylvania 18042

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this case involve multidistrict litigation possibilities?    Yes ☐    No ☑

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions.

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐    No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐    No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐    No ☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Nancy S. Skalangya , counsel of record do hereby certify;

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 6-5-02 _____ 55145
                   Attorney-at-Law              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6-5-02 _____ 55145
                   Attorney-at-Law              Attorney I.D.#

CIV. 609 (1949)

**IN THE UNITED STATES DISTRICT COURT**          **APPENDIX C**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

MARISOL VALENTE                    :          CIVIL ACTION
                                   :
                v.                 :
        HARBISON CORPORATION,      :
HARBISON CORPORATION d/b/a PRETIUM
PACKAGING, PRETIUM PACKAGING, LLC;            NO.
EDWARD WEISS and CHRIS COMPTON

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for
plaintiff shall complete a case Management Track Designation Form in all civil cases at the time
of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the
reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding
said designation, that defendant shall, with its first appearance, submit to the clerk of court and
serve on the plaintiff and all other parties, a case management track designation form specifying
the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

| | | |
|---|---|---|
| (a) | Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255. | ( ) |
| (b) | Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. | ( ) |
| (c) | Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2. | ( ) |
| (d) | Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos. | ( ) |
| (e) | Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) | ( ) |
| (f) | Standard Management -- Cases that do not fall into any one of the other tracks. | (X) |

6-5-02                    _____  Date
                          Attorney-at-law

                          _____
                          Plaintiff

                          _____
                          Attorney for

(Civ. 660) 7/95

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARISOL VALENTE,<br>    Plaintiff | : | CIVIL ACTION |
| | : | |
| | : | No. |
| | . | |
| v. | : | |
| | : | |
| HARBISON CORPORATION, | : | |
| HARBISON CORPORATION d/b/a PRETIUM | : | |
| PACKAGING, PRETIUM PACKAGING, LLC, | . | |
| EDWARD WEISS and CHRIS COMPTON | : | JURY TRIAL DEMANDED |
|    Defendants. | : | |

COMPLAINT

I. PRELIMINARY STATEMENT

This is an action for an award of damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, (hereinafter "Marisol Valente" or "Plaintiff"). Marisol Valente was an employee of Harbison Corporation and/or Harbison Corporation d/b/a Pretium Packaging, and/or Pretium Packaging, LLC (hereinafter collectively "Pretium Packaging") Easton, Pennsylvania, who has been harmed by the sex-based harassment, sex-based discrimination and retaliatory practices as well as other improper conduct by Defendants.

This action is brought under Title VII of the Civil Rights Act of 1964 and 1991 ("Title VII"), as amended, Title 42 U.S.C. § 2000e, *et seq.*, Title 43 Pa. Cons. Stat. Ann. § 951 *et seq.* and Pennsylvania common law.

II. JURISDICTION AND VENUE

1. The original jurisdiction and venue of this Court is invoked in this District pursuant to

Title 42 U.S.C. 2000e-5(f), 28 U.S.C. §1331 and 1391, 2201, 2202, 1343 and the claim is substantively based on Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. § 2000e, *et seq.*

2.  The Supplemental Jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1367, to consider Plaintiff's claim arising under the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. § 951 *et seq.*, and under Pennsylvania common law.

3.  Venue is proper in the Eastern District of Pennsylvania in that some or all of the events complained of herein occurred in Northampton County, Pennsylvania.

4.  All conditions precedent to the institution of this suit have been fulfilled. As to the Title VII claims, Plaintiff Marisol Valente has invoked the procedure set forth in § 706(a) of Title VII and has received a Notice of Right to Sue as required by that statute. On October 19, 2001, Marisol Valente filed a Charge of Discrimination with the EEOC which was jointly filed with the Pennsylvania Human Relations Commission, against the Defendants, alleging, *inter alia* sexual harassment, *gender based employment* discrimination, maintenance of a sexually hostile work environment and retaliation. On March 8, 2002, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission. This action has been filed within ninety (90) days of receipt of said Notice.

## III. PARTIES

5.  Plaintiff, Marisol Valente, is an adult female citizen and resident of the State of Nevada, residing at 3330 Las Vegas Boulevard, Las Vegas, Nevada. At all times pertinent hereto, Plaintiff was a resident of the Commonwealth of Pennsylvania, residing at 628 Center

Street, Easton, Pennsylvania. Plaintiff, Marisol Valente, at all times pertinent hereto, was employed as a packer from March 5, 2000 through April 25, 2001.

6. Defendant, Harbison Corporation, (hereinafter "Harbison") is a Missouri corporation authorized to conduct and in the practice of conducting business in the Commonwealth of Pennsylvania, with its registered offices at 7700 Bonhomme, St. Louis, Missouri and CT Corporation System, 1635 Market Street, Philadelphia, Pennsylvania.

7. Defendant, Harbison Corporation d/b/a Pretium Packaging (hereinafter "Pretium Packaging") is a Missouri corporation authorized to conduct and in the practice of conducting business in the Commonwealth of Pennsylvania, with its registered offices at 900 Conroy Street, Easton, Pennsylvania 18042.

8. Defendant, Pretium Packaging, LLC (hereinafter "Pretium Packaging") is a Delaware corporation authorized to conduct and in the practice of conducting business in the Commonwealth of Pennsylvania, with its registered offices at CT Corporation System, 1635 Market Street, Philadelphia, Pennsylvania 18042.

9. Hereinafter all Defendants are collectively referred to as "Pretium Packaging."

10. Defendant, Edward Weiss, (hereinafter "Weiss") is a resident and citizen of the Commonwealth of Pennsylvania. At all times relevant to this action Weiss was the Plant Manager and District Manager for Defendant Pretium Packaging. At all times relevant hereto, Defendant Weiss was an agent, servant, workman and/or employee of Defendant Pretium Packaging, acting and or failing to act within the scope, course and authority of his employment and his employer, Pretium Packaging. At all times relevant, Weiss was acting in his supervisory and personal capacity.

11. Defendant, Chris Compton, (hereinafter "Compton") is a resident and citizen of the Commonwealth of Pennsylvania. At all times relevant to this action Compton was a Supervisor and Group Leader for Defendant Pretium Packaging. At all times relevant hereto, Defendant Compton was an agent, servant, workman and/or employee of Defendant Pretium Packaging, acting and or failing to act within the scope, course and authority of his employment and his employer, Pretium Packaging. At all times relevant, Compton was acting in his capacity as an employee of Defendant Pretium Packaging and his personal capacity.

12. At all times relevant hereto, Defendant Pretium Packaging has been a "person" or "employer" as defined under Title VII, and is subject to the provisions of the said Act.

13. At all times relevant hereto, Defendant Harbison and/or Pretium Packaging LLC owned, operated, controlled and managed the Easton facility of Defendant Pretium Packaging by and through the conduct of its officers, managers agents and employees, all acting within the scope and course of their employment.

14. At all times relevant hereto, Defendant Harbison and/or Pretium Packaging LLC owned, operated, controlled and managed the Easton facility where Plaintiff and Defendants Weiss and Compton were employed.

15. At all times relevant hereto, Defendant Pretium Packaging acted by and/or failed to act by and through the conduct of its officers, managers, agents and employees, all acting within the scope and course of their employment.

16. Defendant Pretium Packaging has, acting through its agents, servants and representatives, on more than one occasion, met with Plaintiff, and has heard allegations

from Plaintiff of sexual harassment, gender discrimination and physical assaults

17. At all relevant times herein, Defendant Pretium Packaging knew, or had reason to know, of the actions and inaction alleged herein and/or has personally participated in some of said actions and is ultimately responsible for same.

## IV.    CAUSES OF ACTION

18. Marisol Valente was a female employee hired by Defendant Pretium Packaging on March 5, 2000 as a packer at Defendant's facility located at 900 Conroy Place, Easton, Pennsylvania.

19. At all relevant times hereto, Plaintiff was assigned to work, along with Defendants Weiss and Compton at the Easton, Pennsylvania location

20. At all relevant times hereto, Plaintiff worked the "D" shift, from 7:00 P.M. through 7:00 A.M.

21. At all times relevant hereto, Plaintiff maintained exemplary work habits and job performance and had at all times fulfilled all of the duties and obligations commensurate with that employment

22. At all times relevant hereto, Defendant Weiss was a male and was the Plant Manager and District Manager for Defendant Pretium Packaging.

23. At all times relevant hereto, Defendant Compton was a male and was a Group Leader and Supervisor for Defendant Pretium Packaging.

24. From on or about June 2000 through on or about April 25, 2001, when Plaintiff was forced to resign her position, Defendant Weiss continuously sexually and verbally harassed and physically assaulted Marisol Valente, including, but not limited to the

following:

a) In or about June 2000, Plaintiff requested a meeting with Weiss, seeking Weiss' help in dealing with a problematic co-worker named Patty Schoolhouse (hereinafter "Schoolhouse"). Plaintiff had gone to Defendant Compton for help but he did not help her.  Several times during the aforementioned meeting, Defendant Weiss removed his shoe and moved his foot up and down Marisol Valente's leg.

b) During the aforementioned meeting, and despite Marisol Valente's protestations, Weiss used sexually offensive, degrading and unsolicited language directed at Plaintiff, including, but not limited to, "You've got a very nice body;" "You're got kids, right;" "You've got a terrific shape;" and asking Plaintiff to "go for coffee."

c) During the aforementioned meeting, and in response to the degrading and unsolicited sexual comments directed at her by Defendant Weiss, Marisol Valente stated, "I am married. I'm not interested" and Weiss replied, "I'm married too. So what?"

d) When Plaintiff attempted to leave the meeting, Defendant Weiss pleaded with her to stay and stated, "I'll take care of this matter with Patty."

e) Defendant Weiss also told Plaintiff, "Please don't quit.  I've heard you're a good worker.  I'll talk to Compton about it."

f) Following the aforementioned meeting, Defendant Weiss began a campaign of stalking and constant sexual harassment and retaliation against Plaintiff;

g) When Weiss arrived at work early, he would wait for Plaintiff after meetings in order to approach her and make improper suggestions and propositions. Plaintiff became

so fearful of Defendant Weiss that she frequently attempted to hide from him;

h) Weiss constantly tried to get Plaintiff into close quarters and then would rub his body against hers;

i) Weiss stood so close to Plaintiff when he spoke to her, that she could feel his breath on her;

j) Weiss continued to ask Plaintiff to go out "for a drink" and when she said "No, I am married" Weiss told her to "think about it;"

k) On one occasion, Defendant made Plaintiff so nervous, she dropped a tray of boxes. When Plaintiff told Weiss that he made her nervous, he replied, "In a good way?"

l) On one occasion, when Weiss waited for Plaintiff to finish her shift, he said, "You look tired" and "I would like to see you naked."

m) On at least four or five occasions, Defendant Weiss rubbed his shoulders against Plaintiff;

n) Defendant Weiss physically assaulted Marisol Valente by grabbing her breast;

o) On or about April 25, 2001, Defendant Weiss startled Plaintiff by coming up behind her, cornering her and questioning her as to why she looked so tired and why she was working two jobs;

p) Defendant Weiss then asked Plaintiff to come up to his office because he "really needed to see" her. Thinking that it was because of her work, Plaintiff went to Weiss' office, where he directed her to sit down. Weiss then proceeded to question Plaintiff's intent to move out West with her husband and suggest to her that she become a nude dancer. Weiss then stated that he "would love to see (Plaintiff) dance

nude for (him)" as he assaulted her again by rubbing his feet up and down her legs. Marisol Valente, in fear for her safety, jumped up from her seat and attempted to run out of Weiss' office at which time Weiss followed her, grabbing her breast as he cornered her and blocked her exit. Plaintiff saw that Weiss was smiling. Weiss followed her halfway out the door where she was finally able to break away from him and run out of the building to her car. It took her several minutes to stop shaking and crying and calm herself so that she could drive her car.

q) Except for the attacks on Plaintiff in his office, much of the aforementioned assaults and harassment was done in front of other employees of Defendant Pretium Packaging;

r) Defendant Pretium Packaging did not discipline Defendant Weiss for any of the aforementioned behavior.

25. From on or about June 2000 through on or about April 25, 2001, when Plaintiff was forced to resign her position, Defendant Compton was a frequent witness to the sexual harassment to which Plaintiff was subjected by Weiss.

26. Despite Plaintiff's repeated protests as to Defendant Weiss' sexual harassment and assaultive behavior toward Plaintiff, Defendant's unwelcome and offensive behavior continued.

27. Defendant Weiss continuously, purposely, and intentionally physically threatened, abused and harassed Marisol Valente, in the presence and/or with the knowledge of Compton and other employees, including, Doyle Winger and another employee named Freddie but not limited to the following:

a) Defendant Weiss, without provocation or invitation by Plaintiff, physically assaulted Marisol Valente by grabbing her breasts and rubbing his feet down her legs;

b) Defendant Weiss would frequently wink at Plaintiff in front of other employees;

c) When Plaintiff told Defendant Weiss that she did not like him calling her the aforementioned names and using the aforementioned language, he laughed at her;

d) Defendant Weiss would frequently come up from behind Plaintiff and frighten her;

e) Defendant Weiss would wait for Plaintiff before and after her shift;

f) Even after Defendant Weiss was promoted to District Manager he would stalk Plaintiff at her place of work;

g) Defendant Weiss' unwelcome sexual comments and threats escalated over time, causing her to fear for her personal safety and reputation.

28. Defendants Weiss' sexually harassing conduct toward Marisol Valente was so open, notorious and outrageous that it was known to employees, staff, managers and other representatives of Defendant Pretium Packaging. As such, Defendant Pretium Packaging knew or should have known of Defendants Weiss' sexually harassing conduct.

29. Plaintiff also repeatedly advised Weiss and Compton that their conduct was inappropriate.

30. Defendant Pretium Packaging did not promulgate or maintain an effective sexual harassment policy which was accessible to employees of Defendant.

31. Defendant Pretium Packaging and/or Defendant Compton failed and refused to take any action proper, appropriate or sufficient to terminate or redress the continuing sexual harassment and assault levied against Plaintiff.

32. Despite Marisol Valente's complaints, Defendant Pretium Packaging and/or Defendant Compton failed to take prompt, appropriate remedial action which would be reasonably calculated to redress and correct the illegal behavior of its employees.

33. After Marisol Valente resisted the harassment by Weiss, the sexual harassment and sexually assaultive conduct continued and intensified.

34. Subsequent to the reporting of the harassing conduct, Defendants Weiss engaged in a continuous course of retaliation against Plaintiff for complaining of sexual harassment. This retaliation occurred in the context of Weiss' continued employment and continued until Plaintiff was forced to resign on or about April 25, 2001. The retaliation included, but was not limited to, the following:

   a) Weiss retaliated against Plaintiff by adverse treatment of her;

   b) Weiss made derogatory, demeaning and untrue remarks about Plaintiff to other people including employees, personnel and staff of Defendant Pretium Packaging many of whom Plaintiff had or has contact with on a regular basis and many of whom she had to work with, report to or manage;

   c) In response to Plaintiff's complaints and Defendant Pretium Packaging's knowledge of Weiss' conduct, Defendant Pretium Packaging did nothing to reprimand Weiss;

35. The derogatory statements about Plaintiff were made by Defendant Weiss at a time when he spoke with the apparent authority of Defendant Pretium Packaging. As a direct result of Weiss' derogatory comments about Marisol Valente with the authority of Pretium Packaging, other employees, personnel and staff repeated Defendant's derogatory comments and many employees, personnel and staff, including friends and

acquaintances, did not want to associate, work or talk with Marisol Valente and she was shunned at her place of employment and placed in fear for her safety.

36. Defendant's derogatory comments about Marisol Valente and his openly harassing behavior toward her, led to widespread discussion and rumor concerning Plaintiff at Pretium Packaging.

37. Defendant Pretium Packaging retaliated against Plaintiff and failed to promptly and effectively address Plaintiff's complaints concerning Defendant Weiss' sexual harassment, sexual assault, retaliation and derogatory comments in violation of its own policy and procedures. Defendant Pretium Packaging's retaliation and failure to respond quickly and effectively is illustrated by, but not limited to, the following facts:

    a)   Despite Defendant Pretium Packaging's knowledge of Weiss' conduct and Marisol Valente's complaints, the aforementioned Defendant remained employed by Defendant Pretium Packaging;

    b)   Despite Defendant Pretium Packaging's knowledge of Weiss' conduct and Plaintiff's complaints, Defendant Pretium Packaging failed to investigate Plaintiff's complaints;

    c)   Witnesses to Weiss' conduct were not interviewed;

    d)   Despite the aforementioned, Defendant Pretium Packaging ignored and/or minimized the significance and severity of said conduct;

    e)   Defendant Pretium Packaging took no action to require Weiss to cease these retaliatory activities and, in fact, he continued to retaliate and make derogatory comments about Plaintiff as well as continue in his position with Defendant Pretium

Packaging;

f)    Defendant Pretium Packaging had actual and formal notice of Weiss' capacity for unwelcome sexual and assaultive conduct and sexual harassment;

g)    Despite being aware of Weiss' conduct, constituting and consisting of sexual harassment, he remained employed with all of the actual and apparent authority over personnel and employees associated with that position;

h)    Weiss also continued to indirectly supervise activities of Plaintiff allowing him the ability to continue to retaliate and make derogatory statements concerning Plaintiff;

i)    Even though Weiss' actions constituted sexual harassment, he was not disciplined for that conduct;

j)    Defendant Pretium Packaging never acted to correct the assaults, derogatory comments or retaliation that Plaintiff suffered from, nor did it take any steps to mitigate or alleviate the damage that Marisol Valente suffered to her reputation as a Pretium Packaging employee and/or person. Indeed, Pretium Packaging's failure to act intensified the damage to Plaintiff's reputation and Defendant, Pretium Packaging's continued employment of Weiss gave its apparent authority and implicit approval and as such constituted retaliation on the part of Defendant Pretium Packaging, as well;

k)    Defendant Pretium Packaging created or permitted to exist a hostile work environment within which Marisol Valente was asked to function.

38. Marisol Valente believes, and therefore avers, that Defendants created and/or permitted an intolerable and hostile work environment designed to interfere with her employment

and to victimize her because she reported the illegal actions of Defendants by, but not limited to, the following:

a) Creating and fostering a work environment that was so openly hostile toward Plaintiff that she was fearful for her personal safety; and

b) Creating and fostering a work environment that was so openly hostile toward Plaintiff that when she complained about the assaults and sexual harassment, she was forced to resign her employment with Defendant Pretium Packaging.

39. Defendant, Pretium Packaging, was responsible and liable for the conduct of its employees for subjecting Marisol Valente to a sexually harassing and assaultive employment and work environment and for failing to protect Plaintiff from Defendants' unlawful conduct.

40. As a direct result of the Individual Defendants and Defendant Pretium Packaging's hostile and antagonistic conduct, Marisol Valente was deprived of her employment and ultimately forced to resign her employment with Defendant Pretium Packaging.

41. As a direct result of Individual Defendants' and Defendant Pretium Packaging's conduct, Marisol Valente has been irrevocably damaged.

42. As a direct result of Individual Defendants' and Defendant Pretium Packaging's conduct, Marisol Valente has suffered and continues to suffer severe emotional, psychological and physical distress.

43. As a direct result of Defendants' conduct, Plaintiff's career, professional and job opportunities has been impaired and damaged and she has suffered a loss of earnings and earning capacity.

44. At all times material hereto, Defendants Weiss and Compton, through their actions and inactions, aided and abetted the discriminatory conduct of Defendant Pretium Packaging.

## COUNT I
### MARISOL VALENTE
v.
### DEFENDANTS HARBSION and PRETIUM PACKAGING, LLC
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND 1991

45. Paragraphs 1 through 44, inclusive, are incorporated by reference as if fully set forth at length herein.

46. Based on the foregoing, the Defendants have engaged in unlawful practices in violation of Title VII of the Civil Rights Act of 1964 and 1991, as amended, and 42 U.S.C. § 2000 (e), *et seq.* The said unlawful practices for which Defendants are liable to Marisol Valente include, but are not limited to, fostering and perpetuating a hostile and offensive work environment, retaliating against her because of her expressed opposition to offensive sexually related conduct in the work place, subjecting her to more onerous working conditions, and treating her in a disparate manner.

47. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendants in violation of Title 42 U.S.C. § 2000 (e), *et seq.*, Plaintiff sustained loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, plus back pay, front pay and interest due thereon.

COUNT II
MARISOL VALENTE
v.
ALL DEFENDANTS
43 Pa.C.S.A.§951, et seq.

48. Paragraphs 1 through 47 inclusive, are incorporated by reference as if fully set forth at length herein.

49. The unlawful actions of Defendants acting as aforesaid, constitutes a violation of Title 43 Pa. Stat. Ann. § 951 *et seq.* of the Pennsylvania Human Relations Act. The said unlawful practices for which Defendants are liable to Plaintiff include, but are not limited to, fostering and perpetuating a hostile and offensive work environment, retaliating against Plaintiff because of their expressed opposition to offensive sexually related conduct in the work place, subjecting Plaintiff to more onerous working conditions, and treating Plaintiff in a disparate manner.

50. As a direct result of the Defendants' willful and unlawful actions in treating Plaintiff in a discriminatory manner solely because of her sex, in violation of Title 43 Pa. Stat. Ann. § 951 *et seq.* of the Pennsylvania Human Relations Act, Plaintiff has sustained severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

## COUNT III
## MARISOL VALENTE
v.
## DEFENDANTS HARBISON and PRETIUM PACKAGING, LLC
### RETALIATION UNDER TITLE VII

51. Paragraphs 1 through 50 inclusive, are incorporated by reference as if fully set forth at length herein.

52. By the acts complained of, Defendants have retaliated against Plaintiff for exercising her rights under Title VII in violation of Title VII of the Civil Rights Act of 1964 and 1991, as amended, and 42 U.S.C. §2000 (e) *et seq.* in violation of these acts.

53. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' retaliatory practices unless and until this Court grants relief.

## COUNT IV
## MARISOL VALENTE
v.
## ALL DEFENDANTS
### RETALIATION UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT

54. Paragraphs 1 through 53 inclusive, are incorporated by reference as if fully set forth at length herein.

55. By the acts complained of, Defendants have retaliated against Plaintiff for exercising her rights under the Pennsylvania Human Relations Act in violation of said act.

56. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' retaliatory practices unless and until this Court grants relief.

**COUNT V**
**MARISOL VALENTE**
v.
**DEFENDANTS HARBISON and PRETIUM PACKAGING, LLC**
**NEGLIGENCE UNDER TITLE VII**

57. Paragraphs 1 through 56 inclusive, are incorporated by reference as if fully set forth at length herein

58. Defendants Harbison and/or Pretium Packaging, LLC were negligent in the following respects:

    a.    Failure to implement an effective, well-known and uniformly enforced policy against sexual harassment;

    b.    Failure to properly investigate Plaintiff's complaints of sexual harassment;

    c.    Failure to take any action reasonably calculated to remedy Plaintiff's complaints of sexual harassment;

    d.    Failure to impose any discipline upon their employees who had engaged in sexual harassment;

    e.    Failure to take reasonable actions to discover illegal discrimination by their employees;

    f.    Failure to take reasonable actions to prevent illegal discrimination, including but not limited to sexual harassment, from taking place.

59. Defendants owed Plaintiff a duty in all of the respects set forth in paragraph 58, but failed to perform each of those duties as set forth above.

60. As a direct, reasonable and foreseeable result of the negligence of Defendants, Plaintiff suffered the injuries and damages set forth above.

**COUNT VI**
**MARISOL VALENTE**
v.

**DEFENDANTS HARBISON, PRETIUM PACKAGING, LLC and WEISS**
**FALSE IMPRISONMENT**

61. Paragraphs 1 through 60 inclusive, are incorporated by reference as if fully set forth at length herein.

62. The conduct of Defendant Weiss, with the condonation and ratification by Defendants Harbison and/or Pretium Packaging, LLC, as above-stated, resulted directly and indirectly in the confinement of Plaintiff Marisol Valente.

63. At all times, Defendant Weiss acted with the intent to confine Plaintiff within the boundaries of his office during working hours in order to physically and sexually assault and harass Plaintiff.

64. The acts of Defendant Weiss as above-stated directly and indirectly resulted in the confinement of Plaintiff.

65. At all times relevant hereto, and during the periods of her confinement by Defendant Weiss, Plaintiff was aware and conscious of the confinement and was under great emotional distress, fear of sexual assault and other physical assault during the above-stated period of confinement.

**COUNT VI**
**MARISOL VALENTE**
v.
**DEFENDANTS HARBISON, PRETIUM PACKAGING, LLC and WEISS**
**ASSAULT**

66. Paragraphs 1 through 65 inclusive are incorporated by reference as if fully set forth at length herein.

67. The conduct of Defendant Weiss proximately caused Plaintiff reasonable apprehension of

an imminent battery.

68. Defendant Weiss had the apparent present opportunity to commit a battery.

69. The aforementioned, with the condonation and ratification by Defendants Harbison and/or Pretium Packaging, LLC constituted an assault under the law of the Commonwealth of Pennsylvania.

COUNT VII

MARISOL VALENTE

v.

DEFENDANTS HARBISON, PRETIUM PACKAGING, LLC and WEISS

BATTERY

70. Paragraphs 1 through 69 inclusive, are incorporated by reference as if fully set forth at length herein.

71. *The offensive and unwanted touching of Marisol Valente by Defendant Weiss with the* condonation and ratification by Defendants Harbison and/or Pretium Packaging, LLC constituted a battery under the law of the Commonwealth of Pennsylvania.

COUNT VIII

MARISOL VALENTE

v.

DEFENDANT WEISS

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

72. Paragraphs 1 through 71 inclusive, are incorporated by reference as if fully set forth at length herein.

73. The actions of Defendant in engaging in the aforementioned unwelcome sexually offensive and assaultive behavior and conduct created a work environment which was hostile and intentionally caused Plaintiff to suffer severe emotional distress.

74. The actions of Defendant as aforesaid, were deliberate, reckless, malicious and

outrageous and thus constituted an intentional affliction of severe emotional distress.

75. The above-stated conduct of Defendant constitutes extreme and outrageous conduct.

76. As a direct result of Defendant's intentional, reckless, extreme, and outrageous conduct Plaintiff has suffered severe emotional distress, humiliation, loss of self esteem, pain and suffering, loss of wages, including back pay and front pay, plus interest due thereon.

## STATEMENT OF FACTS JUSTIFYING
## THE IMPOSITION OF PUNITIVE DAMAGES

77. Paragraphs 1 through 76 inclusive, are incorporated by reference as if fully set forth at length herein.

78. At all times relevant hereto, Defendants Harbison and/or Pretium Packaging, LLC knew or should have known of the pattern of conduct in which Weiss and Compton had engaged and in which they continued to engage.

79. At all times relevant hereto, Defendants Harbison and/or Pretium Packaging, LLC knew or should have known that the aforesaid pattern of conduct was in violation of the law.

80. At all times relevant hereto, Defendants Harbison and/or Pretium Packaging, LLC acted willfully, wantonly, recklessly and with an outrageous disregard and indifference to the rights, safety and well being of the Plaintiff.

81. Plaintiff therefore demands punitive damages under Title VII

## V. PRAYER FOR RELIEF

82. Plaintiff repeats the allegations of paragraphs 1 through 81 of this Complaint as if set forth at length herein.

WHEREFORE, Plaintiff requests this Court to enter judgment in her favor and against

Defendants and requests that this Court:

a. Exercise jurisdiction over her claims;

b. Award traditional tort remedies such as compensatory damages, pain and suffering, physical and emotional distress, economic loss, time loss, severe emotional trauma, including, but not limited to, trauma endured in litigating this matter, and punitive damages;

c. Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;

d. Order Defendants compensate Plaintiff with a rate of pay and other benefits and emoluments to employment, to which she would have been entitled, had she not been subject to unlawful discrimination;

e. Order Defendants compensate Plaintiff with an award of front pay, if appropriate;

f. Order Defendants compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conducts;

g. Order Defendants pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment of life and other non-pecuniary losses as allowable;

h. Reinstate Plaintiff to her former position together with back pay and compensatory damages;

i. Order Defendants pay to Plaintiff pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

j. The Court award such other relief as is deemed just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

HAHALIS & KOUNOUPIS, P.C.

By: _____

Nancy S. Skalangya, Esquire

By: _____

David L. Deratzian, Esquire
20 East Broad Street
Bethlehem, PA 18018
(610) 865-2608
Attorneys for Plaintiff,
Marisol Valente

Dated: June 5, 2002